UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUNG SHIM and JONG HEE SHIM, d/b/a SHIM'S DIAMOND COMPANY, <br><br>Plaintiff(s),<br><br>vs.<br><br>ADT, LLC, et al.,<br><br>Defendant(s). | Case No. 4:20-cv-01009 SRC |

**Memorandum and Order**

This matter comes before the Court on [7] Defendant ADT's Motion to Dismiss, [9] Defendants Dylan Bickings and Hal Hicks's Motion to Dismiss, and [15] Plaintiffs Jung Shim and Jong Hee Shim's Motion to Remand. The Court grants Plaintiffs' Motion to Remand and remands this case back to the state court.

**I.     Background**

This case arises from a burglary of Plaintiffs' jewelry store. A few months before the burglary, ADT upgraded the store's security system and agreed to monitor the alarm and security system. Plaintiffs allege that the alarm and security system failed to function properly on the night of the burglary, causing Plaintiffs to suffer significant property damage. Plaintiffs filed suit against ADT and several of its employees, asserting three counts: 1) negligence; 2) negligent misrepresentation; and 3) breach of contract (against ADT only). Plaintiffs also seek a declaratory judgment regarding the terms of the contract.

Plaintiffs originally filed this action in state court and ADT removed it to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, arguing that Plaintiffs fraudulently joined Dylan Bickings and Hal Hicks, the non-diverse defendants, to evade the diversity jurisdiction of

1

this Court. Defendants subsequently filed motions to dismiss all claims against them. Plaintiffs filed a motion to remand.

## II.     Standard

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

## III.    Discussion

As the case currently stands, the Court does not have diversity jurisdiction. Diversity jurisdiction exists only when complete diversity of citizenship exists between the parties, meaning "no defendant holds citizenship in the same state where any plaintiff holds citizenship."

*Little Otters of Love, LLC v. Rosenberg*, 724 Fed. App'x 498, 501 (8th Cir. 2018) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)).  The Court assesses diversity of citizenship at the time the plaintiff files the action.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  At the time Plaintiffs filed this action, they named three Missouri residents as defendants: Bickings, Hicks, and "John Doe." While the presence of "John Does" does not affect this Court's subject matter jurisdiction, *see Fever v. Westin*, No. 4:12CV9SNLJ, 2012 WL 1657065, at *3 (E.D. Mo. May 10, 2012), the presence of Bickings and Hicks means complete diversity did not exist at the time of filing.

Defendants argue diversity jurisdiction did (and does) exist because Plaintiffs fraudulently joined non-diverse defendants Bickings and Hicks to defeat diversity jurisdiction. As such, Defendants claim they properly removed this case. Defendants now move to dismiss all claims against them.

A plaintiff "cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (internal quotations omitted).  To prove fraudulent joinder, a defendant must show the plaintiff's claim against the non-diverse defendant has "no reasonable basis in fact and law."  *Id*. at 977.  If a "colorable" cause of action exists, no fraudulent joinder exists.  *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).  The district court resolves all facts and ambiguities in the plaintiff's flavor and if the sufficiency of the complaint is questionable, the "better practice" is to remand the case and leave the question for the state court. *Id*.

Here, Plaintiffs assert negligence and negligent misrepresentation claims against Bickings and Hicks. The Court finds that a colorable cause of action for negligent misrepresentation exists against Bickings. Accordingly, the Court remands this matter back to the state court.

Under Missouri law, a negligent misrepresentation claim "requires proof that: (1) the speaker supplied information in the course of his or her business because of some pecuniary interest; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the speaker intentionally provided information for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) as a result of the listener's reliance on the statement, the listener suffered a pecuniary loss." *M & H Enters. v. Tri-State Delta Chemicals, Inc*., 35 S.W.3d 899, 904 (Mo. App. S.D. 2001). Defendants argue that Bickings' alleged misrepresentations constitute statements of future intent that cannot form the basis of a negligent misrepresentation claim.

In support of their negligent misrepresentation claim against Bickings, Plaintiffs allege that he "promised that he would design a security system appropriate for Shim's Diamond Company and that ADT would meet industry standards for certified security systems for similarly situated businesses."  Doc. 1-1 at ¶ 11. Plaintiffs further allege that "Defendants knew or should have known the information provided to Plaintiffs was false and misleading at the time they made these representations." *Id*. at ¶ 47. Plaintiffs also claim that "[t]he information Defendants knowingly provided to Plaintiffs was false, reckless, and/or misleading. As designed, installed, or promised, the system failed to provide any notification when Shim's Diamond's Company was burglarized on January 23-24, 2020." *Id*. at ¶ 49.

4

Defendants correctly state that "a claim for negligent misrepresentation generally cannot be based on unfulfilled promises or statements as to future events." *Mounger Const., LLC v. Fibervision Cable Servs., LLC*, No. 211CV00081ERW, 2012 WL 1745543, at *3 (E.D. Mo. May 16, 2012) (quoting *City of St. Joseph, Mo. v. Sw. Bell Tel.*, 439 F.3d 468, 478 (8th Cir. 2006)). "However, if a 'statement is a representation of the speaker's present intention or concerns matters within the speaker's control, a cause of action for negligent misrepresentation exists.'" *Id.* (quoting *City of St. Joseph*, 439 F.3d at 478).

Here, Plaintiffs allege that at the time Bickings promised to design a security system appropriate for Shim's Diamond Company and that ADT would meet industry standards, he knew or should have known that information was false or misleading. Those allegations address Bickings' present intent to perform the promises given and thus give rise to a colorable negligent misrepresentation claim. Simply put, if Plaintiffs can show that Bickings knew he would not design a security system appropriate for Shim's Diamond Company or that ADT could not meet industry standards at the time he made the representations, they have an actionable claim under Missouri law.  *See Harriman Oil Co. v. Baker*, No. 4:11CV01344 AGF, 2012 WL 252233 (E.D. Mo. Jan. 26, 2012) (finding that the defendants sufficiently pleaded a counterclaim for negligent misrepresentation when they alleged the plaintiff promised he '"could obtain branding for [a] gas station,' when [he] could not and did not").

Defendants also argue the negligent misrepresentation claim cannot proceed because the contract between the parties contained a disclaimer stating that the written contract constituted the entire agreement between the parties. Courts have held that parties may not "contractually exclude liability for its negligent misrepresentations which induced the contract." *Former Vacuum & Janitor Supply Co. v. Renard Paper Co.*, No. 4:06CV00905 RWS, 2007 WL 2693828

5

(E.D. Mo. Sept. 10, 2007). Here, Plaintiffs allege they relied upon Bickings' negligent misrepresentations when entering into the contract with ADT. Doc. 1-1 at ¶ 45.  Accordingly, Plaintiffs' negligent misrepresentation claim does not fail on that basis.

For these reasons, Defendants have not shown that Plaintiffs' negligent misrepresentation claim against Bickings has no "reasonable basis in law and fact." *Filla*, 336 F.3d at 810. Because Defendants have not established Plaintiffs fraudulently joined Bickings in this action, complete diversity between the parties does not exist. Therefore, the Court lacks subject matter jurisdiction and must remand this matter back to the state court.

Accordingly, the Court grants [15] Plaintiffs' Motion to Remand. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 13th day of November 2020.

                                                  **STEPHEN R. CLARK**
                                                  **UNITED STATES DISTRICT JUDGE**